IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZACHARY L. KNIGHTEN, §
§
Petitioner, §
§
V. §
§ No. 3:13-cv-2442-P-BN
WILLIAM STEPHENS, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Zachary L. Knighten, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be denied.

**Background**

On March 20, 2012, Petitioner pled guilty to failure to register as a sex offender and was sentenced to two years imprisonment. He did not file a direct appeal. Petitioner instead filed an application for state post-conviction relief. The state trial court entered an order designating issues; however, the case file was transmitted to the Court of Criminal Appeals without a copy of the order designating issues or any findings by the trial court. *See* Dkt. No. 9-16 at 3; Dkt. No. 18 at 15-16. The Court of Criminal Appeals denied the habeas application without written order. *See Ex parte Knighten*, WR-26,815-09 (Tex. Crim. App. May 29, 2013). Petitioner's motion for

reconsideration, which requested that the Court of Criminal Appeals vacate the denial pending the trial court's issuance of findings of fact and conclusions of law, was dismissed on June 24, 2013. Findings of fact and conclusions of law were issued by the trial judge on July 24, 2013. Those findings – which are publicly available through the state court's online record system – recommended denial of Petitioner's habeas application on the merits; however, they were never considered by the Texas Court of Criminal Appeals.

On June 19, 2013, Petitioner submitted this action for mailing to the federal district court. In one broad ground for relief, he appears to allege that his guilty plea was involuntary, that he is actually innocent of failing to register as a sex offender, and that he received ineffective assistance of counsel in connection with his guilty plea. *See* Dkt. No. 3; Dkt. No. 8. In his reply brief, Petitioner also appears to request stay and abeyance of this case so that he may exhaust state remedies. *See* Dkt. No. 18.

**Legal Standards**

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme

Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his

attorney fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689), *cert. denied,* 133 S. Ct. 1584 (2013).

And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 131 S. Ct. at 792.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). That is, a petitioner must prove both deficient performance and "that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Where, as here, the state court adjudicated an ineffective-assistance claim on the merits, this Court must review Petitioner's claim under the doubly deferential standards of both *Strickland* and Section 2254(d). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington,* 131 S. Ct. at 785.

The United States Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief. *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins,* 506 U.S. 390, 404-05 (1993)). But it has recognized that legal insufficiency may be an avenue for federal habeas relief. *See Jackson v. Virginia,* 443 U.S. 307, 320-21 (1979). A federal court may not disturb a state criminal conviction on this ground unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See id.* at 319; *see also Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *See Jackson,* 443 U.S. at 319; *Gibson*, 947 F.2d at 781.

**Analysis**

Request for Stay and Abeyance and Error by State Habeas Court

Petitioner appears to seek stay and abeyance of this federal habeas case so that

the state habeas court may consider the issues designated by the trial court prior to the premature denial of his state habeas writ. *See* Dkt. No. 18 at 10-13. He contends that the state habeas court's conduct was improper and that he was denied a fair review of his claims. *See id.* at 7-8.

The United States Supreme Court has suggested that a petitioner is entitled to file a "protective" petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). Such a motion is appropriate in limited circumstances, so that a petitioner may fully exhaust available remedies where there is "reasonable confusion about whether a state filing would be [considered] timely" so as to toll the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id* at 416-17. Such a so-called *Rhines* stay is appropriate only if the petitioner shows (1) good cause for his failure to exhaust his claims, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines,* 544 U.S. at 277-78.

Here, however, Petitioner's state habeas petition has been fully disposed of by the Court of Criminal Appeals. Although it appears that the state court did so without the benefit of findings by the trial court, Petitioner's motion for reconsideration on this basis was denied. The state habeas findings are therefore final, and there is no basis for this Court to stay the proceedings for any further action by the Court of Criminal Appeals.

To the extent that Petitioner wishes to challenge the conduct of the state habeas court, that claim should be denied. The United States Court of Appeals for the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320. Any such claims are precluded by Fifth Circuit precedent.

Allegedly Involuntary Guilty Plea and Ineffective Assistance of Counsel

Petitioner claims that his attorney was ineffective because he coerced Petitioner to enter a guilty plea despite the fact that Petitioner's prior sex assault conviction had been vacated and could not form the basis of prosecution for failure to register as a sex offender. He also appears to allege that the sex offender registration requirement should not apply to him because his conviction pre-dated the statute's enactment and because his parole certificate was signed "under duress."

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea

proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Prior to trial, Petitioner agreed to plead guilty to failure to register as a sex offender in exchange for a two-year sentence and dismissal of two enhancement paragraphs. *See* Dkt. No. 9-16 at 54-59. Petitioner, his attorney, and the prosecutor signed a written plea agreement and judicial confession. *See id.* The plea agreement disclosed that the range of punishment for failure to register, a third degree felony, was between two and 10 years in prison and a fine not to exceed $10,000. *See id.* at 55. As part of the plea agreement, Petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *See id.* at 55-56.

By signing the plea agreement, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 57. The judicial confession also contained a provision stating that Petitioner did

"judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause." *Id.* at 58.

These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight"). In an attempt to overcome this presumption, Petitioner asserts that his guilty plea was coerced by his attorney and the trial judge, who warned him that he faced a 25-year to life sentence if he did not accept the plea and was convicted of the offense and two enhancement paragraphs. *See* Dkt. No. 8 at 8. But a guilty plea is not involuntary simply because it is compelled by stern warnings about the likelihood of conviction and a lengthy prison sentence. *See Urseti v. Lynaugh,* 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney threatened to withdraw as counsel and warned his client he was likely to be convicted and sentenced to 99 years' imprisonment if he went to trial).

Petitioner also claims, at some length, that his guilty plea was involuntary and that he received ineffective assistance of counsel because he could not have been legally found guilty of failing to register as a sex offender. That is because, according to Petitioner, his underlying conviction for sexual assault was vacated by a "clemency discharge" issued in 1991, the registration requirement should not apply to him, and he had attempted to register but was not allowed to do so. *See* Dkt. No. 8 at 8-23. Petitioner faults his attorney for failing to discover and raise this legal bar.

Initially, the state habeas record is entirely devoid of evidence to establish that Petitioner was granted "judicial clemency" for his underlying sexual assault conviction which would excuse him from complying with registration requirements. The only evidence that Petitioner provides is a May 17, 2012 affidavit summarizing his criminal history that was apparently produced in connection with the revocation of his state parole. *See* Dkt. No. 8 at 24-26. The United States Supreme Court has made clear that a federal court cannot expand the record on a claim adjudicated on the merits in state court. *See Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011). That is, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* The Supreme Court explained that "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400.

Further, the document on which Petitioner relies does not establish that he was granted clemency such that his sexual assault conviction did not require registration under Texas statute. The affidavit only lists his adult incarcerations, including the notation, "3/87 sex aslt (allegedly raped 4y old b/f 3y TDCJ-CID paroled 7/87; clemency discharged 4/91." Dkt. No. 8 at 25. However, Texas statute requires that one convicted of sexual assault register as a sex offender. *See* TEX. CODE CRIM PROC. Art. 62.001, *et. seq*. In addition, the statute permitting judicial clemency discharge of community supervision does not permit such clemency for "a defendant convicted of an offense for which[,] on conviction[,] registration as a sex offender is required under Chapter 62."

TEX. CODE CRIM PROC. Art. 42.12 § 20(b).

The document – even if it could be considered for the first time on federal habeas review – does not prove that the trial judge "nullified the punishment and sentence or other legal consequences" of the conviction. *See* Dkt. No. 8 at 2. The undersigned notes that, in the findings of fact and conclusions of law that were entered by the state trial court but never reviewed by the Court of Criminal Appeals, Judge Gracie Lewis also observed that Petitioner "produced no evidence that he was given a 'clemency discharge' or a pardon related to his conviction in F-85-91581."

Petitioner's other claims regarding his innocence of this offense or the legal insufficiency of the evidence are also without merit. Sex offender registration requirements can be imposed on parole for a subsequent offense if a parolee has a previous conviction for a sex offense, no matter when that conviction occurred. *See Jennings v. Owens*, 602 F.3d 652, 657-59 (5th Cir. 2010). Also, Petitioner has not established that his act of writing "under duress" on his parole certificate excuses him from complying with the sex offender registration requirement.

In sum, Petitioner does not establish that the evidence was legally insufficient for conviction, that he received ineffective assistance of counsel, or that his guilty plea was in any way involuntary. Petitioner's conclusory allegations that his plea was involuntary fail to rebut the state habeas court's implicit rejection of this claim and do not establish eligibility for habeas relief.

Applying the doubly deferential standard of both *Strickland* and Section 2254(d), Petitioner has not established that the state court's application of the *Strickland*

standard was unreasonable. Therefore, his habeas claims should be denied.

**Recommendation**

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE